FARMER, Judge.
Roscioli Yachting Center was insured under a business interruption policy issued by Lexington Insurance Company. Roscioli sued Lexington for benefits. Both parties retained accountants to testify at trial as to the disputed amount of lost earnings. On the second day of trial, Lexington objected to the admission of certain exhibits containing compilations and summaries of financial data, arguing that the summaries had not been produced to Lexington prior to trial.[1]
The trial judge sustained the objection, saying “I’m going to exclude the exhibits, so deal with the raw data.” At that point, the following colloquy between the judge and the lawyers occurred:
[PLAINTIFF]: Okay, Your Honor, I would have to say that without these exhibits it just substantially cripples the presentation of the expert.
THE COURT: Well, then you can take a voluntary.
[PLAINTIFF]: May I suggest if we could take a recess and arrange for [the defense] to take his deposition on those summaries this afternoon and continue Monday morning, and it will be at our expense.
THE COURT: Yeah. I might go along with that.
[DEFENDANT]: The problem with that, Judge, is when am I going to have *1247 the opportunity to prepare my expert, who has already made it clear to me that he can’t meet with me this weekend?
THE COURT: Well, there we are. Everything’s gone downhill. I can’t help that then.
* * * * * *
[DEFENDANT]: Like I say, the only problem I have is now, my client, Lexington is going to be faced with new expert testimony in the middle of trial and we’re going to have to make certain strategy decisions in the middle of trial, based on something — there’s absolutely no reason why this couldn’t have been done before. Absolutely — from January 15th up until today which is what, June 21st. There’s absolutely no reason why they couldn’t have done this sooner and given it to me. It’s just the fact that they wanted to spring it on me during the midst of the trial, and that’s unfair. It gives them an unfair advantage. That’s what discovery is all about.
[PLAINTIFF]: I just disagree with that. We didn’t have — We were delayed in getting their expert witness until June 10th, I think it was. And we didn’t know what he was going to say. And we got 40 pages of the same type stuff back then too, some of this is perhaps in response to that.
[DEFENDANT]: Judge, this is—
THE COURT: Well, I have too many cases to try to kick this thing around any further, Mr. Hunt. I’m going to dismiss it and without prejudice.
[PLAINTIFF]: Your Honor, could we go with this deposition and then decide if there’s prejudice?
THE COURT: No, I am not going to do that. Ms. Shade is not in the mood to particularly cooperate with you. I see that. And it’s not her obligation to do so, you know. Okay. So I’m going to dismiss the case, and you can start it over or—
[PLAINTIFF]: Okay. When can we start it over? [e.s.]
At that point the trial terminated, but no written order was ever entered dismissing the case. Nor did plaintiff file any paper taking a voluntary dismissal. Instead 7 days later its lawyer filed a “motion for a rehearing”, arguing that there is no authority for a trial judge sua sponte to order a dismissal simply because exhibits have been excluded and the court has denied a recess. Five days later, the court denied the motion without a hearing, noting that “upon the Court’s ruling on the summaries the Plaintiff elected not to proceed further and took a voluntary dismissal.”
Lexington then moved to tax costs, which the court granted three months later, “pursuant to Rule 1.420(d).” Plaintiff timely appealed the order denying the motion for rehearing. Defendant moved to dismiss that appeal, and we granted the dismissal without comment. Plaintiff also timely appealed the cost judgment, which is the appeal we consider today.
Under rule 1.420(d), Florida Rules of Civil Procedure, “[c]osts in any action dismissed under this rule shall be assessed and judgment for costs entered in that action.” Under this rule, a party may voluntarily dismiss his action without order of court “during trial by stating on the record * * * before retirement of the jury or before submission of a non-jury ease to the court for decision * * *.” The propriety of the cost judgment in this case turns on whether plaintiff took a voluntary dismissal within the meaning of rule 1.420.
Defendant argues that counsel’s last quoted response above, “Okay, when can we start over?”, amounts to an agreement to take the voluntary dismissal suggested by the court. We cannot agree. The trial court suggested that plaintiff do so, but plaintiff clearly did not acquiesce. Instead, counsel sought a recess and never wavered from that request until the court finally announced that it was dismissing the case. “So I’m going to dismiss the case, and you can start it over — * * It is thus clear that the court, not plaintiff, was dismissing the case and that plaintiff could make no other argument.
It is often tempting to read a verbatim account of an argument literally and conclude in retrospect that magic words have *1248 not been incanted, so that something has been waived or otherwise lost. We are charged, however, to do substantial justice. This means that we should be reluctant to construe words apart from their context. Here it is true that, when the judge made it clear that he was going to dismiss the case, plaintiff did not insist on proceeding without the summaries. The tone and text of this dialogue, however, portray a judge who had made up his mind and ended discussion. To say that plaintiff should have resisted further is to prefer intransigence to a healthy respect for the obvious.
There is no colorable argument possible that any other basis existed under the rule to dismiss plaintiff’s case. Plaintiff had not yet announced that it had completed its case. While the court clearly had discretion to exclude the summaries, it entirely lacked the authority to throw plaintiff out of court on that account.
The question is what to do about it, aside from reversing the cost judgment. Our improvident dismissal of the appeal from the only written order memorializing the dismissal of the case below would seem to disable us from ordering reinstatement of the case. Plaintiffs notice of appeal of the cost judgment says, however, that the notice covers not only the cost judgment but also “all prior orders and rulings on which [the cost judgment] is based.”
An award of costs is usually not a final disposition of the entire case. Thus, such an order is not tied to, and does not ordinarily implicate, any earlier ruling or matter. Where the award of costs is made before the entry of a final judgment or any other final disposition of the case and is instead based on a voluntary dismissal, however, it does not seem inappropriate to us to include review of any earlier ruling or matter which is bound up in the dismissal on which the cost award was predicated. This cost award is itself labeled a “Final Judgment For Costs.” Consequently, it does no violence to rule 9.110(h) to read the words, “review any ruling or matter occurring prior to the filing of the notice,” to allow us to review the very ruling on which an award of costs, before the end of the case, was based.
We therefore reverse the award of costs and remand with instructions to reinstate the case on the court’s trial calendar.
REVERSED AND REMANDED WITH DIRECTIONS.
DELL and GUNTHER, JJ., concur.

. There is no contention that the data and records from which the summaries had been prepared had not been produced — merely that the summaries had not been disclosed until trial.